By the Court.—Curtis, Ch. J.
This controversy is presented in a case agreed upon by the parties and submitted without action.
The plaintiffs claim that the defendants are liable as common carriers, for a failure to deliver to them ten cases of merchandise, Sent by the plaintiffs’ firm in New York to the plaintiffs’ firm in Boston. This merchandise arrived in Boston on Saturday, at 3M p. m. but not in time to be delivered to the plaintiffs’ messenger before half-past five o’clock on Saturday afternoon, at which hour the yard and freight-station of the defendants’ road, as well as those of all other railroads in Boston, are closed for the delivery of freight until the ensuing Monday. The merchandise in question was discharged from the cars into the defendants’ warehouse on Saturday afternoon, too late for delivery that day, and the same night they were destroyed by fire, without fault or neglect on the defendants’ part.
The facts presented in the case disclose no reason for exonerating the defendants from liability as common carriers, on the ground that they were trustees or public officers of an insolvent corporation, and as such acting in a different capacity than that of carriers of freight. They were in possession and operating a railroad, from Putnam, in Connecticut, to Boston, as trustees for the holders of the mortgage bonds of The Boston, Hartford and Erie Railroad Company, the terminal road over which this merchandise was for *484 warded. They received the goods to transport to Boston from Putnam as carriers of freight.
The cases of Norway Plains Company v. Boston and Maine Railroad Co. (1 Gray, 263), and Rice v. Hart (118 Mass. 201), referred to in the stipulation as evidence of the law of Massachusetts, indicate a careful-consideration of the nature of the liability which attaches upon a state of facts such as is submitted to us in the agreed statement. •
The last case above mentioned was similar to the present, arising upon a like state of facts, and the action was there brought to recover against these same defendants, for a loss of goods arriving at the same time and transferred to the defendants’ freight-house that afternoon" and destroyed by the same fire. '
In that case, as in this, the agent of the consignee was at the station after the arrival of the goods, prepared to receive them. In that case it was held that the liability of the railroad corporation as a carrier ended before the loss of the goods. The decisions referred to in the stipulation as evidence of the law of Massachusetts hold that the railroad company, upon the state of facts presented here, are responsible as common carriers, until the goods are removed from the cars and placed on the platform; that if, on account of their arrival at night, or at any other time, when by the .usage and course of business the doors of the merchandise depot or warehouse are closed, or for any other cause they cannot be delivered, or if for any reason the consignee is not there to receive them, it becomes the duty of the company to store them safely, ready to be delivered, and to deliver them, when called for by the parties entitled to receive them; and that for the performance of these duties after the delivery of the goods from the cars, the company is liable as a warehouseman for hire.. The company is thus held, after it has completed its transportation, to become a *485 warehouseman, as a matter of law, and to have ceased to be a common carrier. This appearing to be the law in Massachusetts and recognized as such by its courts would be a bar to the plaintiffs’ recovery if the question was before one of the tribunals of that State.
It is therefore for us to consider, to what extent, if any, the plaintiffs’ remedy is affected by presenting his claim in a court of this State. Hone of the parties are residents here ; the defendants and all of the plaintiffs but one, reside in Boston, and have for many years. The plaintiffs carry on business there, and it is but fair to presume that they knew the practice of the railway companies there, in respect to closing their deliveries of freight from the platform, from half-past five o’clock on Saturday evening, until the following Monday morning, and storing it in the interval in their warehouses, and they must also be presumed to know the law of their residence in regard to such action. The plaintiffs’ contract was not made with these defendants, but with the Horwich and Hew York Transportation Company, in connection with which and another company, the defendants participated in forming a connected line of transportation from Hew York to Boston. The plaintiffs could have selected a different time for the shipping and arrival of their goods, if they had seen fit, or they could have protected themselves by contract with the carrier, or by insurance against loss while in the freight-house. Ho objection is shown to have been made by them, to the placing of their goods in defendants’ warehouse.
Under these circumstances the question arises, whether the remedy of the plaintiffs is not governed by the law of Massachusetts, the place where the contract was to be ultimately performed. The facts above referred to are not of a character to appeal very strongly to the interposition of a court in this State, to give the parties a remedy in conflict with the law of *486 Massachusetts as defined by its courts. In this case, it must be deemed, that the plaintiff knew both the usage of the railway companies delivering freight in Boston, and the law of Massachusetts in respéct to it, and while every feature of the case, and every fairly derived inference from it, is in conformity with the view that the original contract called for, and that- the plaintiffs therein contemplated a delivery to their Boston firm, in accordance with the usage and l'aw there prevailing, there is nothing that shows or expresses that the delivery was to be otherwise.
It is almost a mátter of necessity, that the law at the place of the final performance of the carrier’s contract should govern in regard to the delivery of goods. In the great commercial centers, where railway freights are delivered from the various States and provinces, it is obvious that there must be some uniform rule at the place of delivery governing such deliveries. To be guided by' the various laws of the localities from whence the goods are sent, would be attended with great inconveniences, even if it was possible. The doctrine of the federal courts indicates that matters connected with the performance of a contract are to be regulated by the law prevailing at the place of performance (Scudder v. Union Nat. Bank, 1 Otto [91 U. S.] 406).
In this State the same principle is sustained, in Whitford v. Panama Railroad Company (23 N. Y. 474, 472), where, in affirming a decision of this court, the question is carefully considered.
The defendants should have judgment in their favor under the submission.
Sedgwick and Freedman, JJ., concurred.